### LEADY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1922.)

#### No. 5946.

**Criminal law ⬤⇒424(1)—Conspirators' statements after offense held inadmissible.**
Testimony of statements made by alleged coconspirators, after commission of the offense charged, is not competent to connect a codefendant therewith.

In Error to the District Court of the United States for the District of North Dakota; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against R. B. Leady and others. Judgment of conviction, and defendant Leady brings error. Reversed and remanded.

Seth W. Richardson, of Fargo, N. D. (William H. Barnett, of Fargo, N. D., on the brief), for plaintiff in error.

S. L. Nuchols, Asst. U. S. Atty., of Fargo, N. D. (Melvin A. Hildreth, U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

───────────────

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEWIS, Circuit Judge. This writ of error, sued out by R. B. Leady and E. O. Haugen, brings up the record, wherein it appears that Leady, Haugen, and Theodore Musgjerd were jointly indicted, tried, and convicted of the offense of violating section 37 of the Penal Code (Comp. St. § 10201), in that they conspired, in October, 1920, to transport intoxicating liquor in violation of the Act of October 28, 1919 (41 Stat. 305), from North Dakota and Minnesota to Sioux Falls, South Dakota. The overt act was the transportation of 120 quarts of whisky from Moorhead, Minnesota, to Sioux Falls, South Dakota.

Haugen has abandoned this proceeding. He does not appear here, and has not assigned errors. The judgment as to him will, therefore, be affirmed.

The record plainly discloses prejudicial error as to Leady, in the admission of incompetent evidence over his objection. Haugen and Musgjerd did not testify. After the whiskey was delivered they talked freely, both in and out of jail, at Sioux Falls and later at Fargo, North Dakota, when they returned there. They said Leady advised with them and assisted in planning the transaction. Over Leady's objections the court permitted several witnesses to testify to what Haugen and Musgjerd said after the crime had been committed about Leady's connection with the transaction. Heard v. U. S., 255 Fed. 829, 167 C. C. A. 157; Harrington v. U. S. (C. C. A.) 267 Fed. 97. There is a pretense that this was unavoidable, because the parts of their statements connecting Leady were so intermingled with the body of the confessions that they could not be excluded. This contention cannot be accepted. It would have been an easy matter for the prosecution to have omitted the incompetent parts. Furthermore, the contention is refuted by the fact that the court permitted questions and answers, over objection, calling only for what Haugen and Musgjerd had said about Leady's part in the transaction. It is quite obvious that Leady would not and could not have been convicted if this incompetent and highly prejudicial testimony which was mere hearsay, had been excluded.

Reversed and remanded.